IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NICK SPAGNOLO, | CIVIL NO. 14-00439 LEK-RLP |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS MOTION FOR WRIT OF |
| vs. | MANDAMUS AND DENY APPLICATION TO PROCEED WITHOUT PREPAYING FEES |
| UNITED STATES INTERNAL REVENUE SERVICE, DIRECTOR PATRICIA J. DEMARO AND U.S. ATTORNEY'S OFFICE, ERIC HOLDER, U.S. ATTORNEY, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DISMISS MOTION FOR WRIT OF
MANDAMUS AND DENY APPLICATION TO PROCEED WITHOUT PREPAYING FEES[1]

Before the Court is Plaintiff Nick Spagnolo's Application to Proceed in District Court Without Prepaying Fees or Costs filed on September 30, 2014 ("Application"). ECF No. 2. As discussed below, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Motion for Writ of Mandamus without leave to amend and DENY Plaintiff's Application.

DISCUSSION

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

§ 1915(a)(1). However, the Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

The Court has reviewed Plaintiff's Motion for Writ of Mandamus ("Motion") and concludes that, even liberally construed, the Motion fails to state any discernable basis for judicial relief. Under 28 U.S.C. § 1361, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, a writ of mandamus is a drastic remedy to be used only in extraordinary circumstances. Borja v. United States District Court for the N. Mariana Islands, 919 F.2d 100 (9th Cir. 1990). Mandamus relief is only available to compel an officer of the United States to perform a duty if the plaintiff's claim is clear and certain, the duty is ministerial and so plainly prescribed as

to be free from doubt, and no other adequate remedy is available. Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986) (citations omitted).

Here, Plaintiff is not entitled to mandamus relief. Although not entirely clear from Plaintiff's Motion, it appears that Plaintiff asserts that the Internal Revenue Service failed to properly respond to a complaint that he filed in this district in 2012. See ECF No. 1. That action was dismissed in December 2012, and judgment was entered against Plaintiff in January 2013. See Spagnolo v. Internal Revenue Service, Civil No. 12-00255 ACK-BMK, 2012 WL 6629559 (D. Haw. Dec. 18, 2012).[2]

Plaintiff's Motion is barred by sovereign immunity. Plaintiff names the Internal Revenue Service and the United States Attorney's Office as defendants. It is well settled that the United States, as a sovereign, is immune from suit unless it has expressly waived such immunity and consented to being sued. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). The mandamus statute does not by itself waive sovereign immunity. See Hou Hawaiians v. Cayetano, 183 F.3d 945, 947 (9th Cir. 1999). Where, as here, the United States has not consented to suit,

---

[2] In the Motion, Plaintiff also references another action filed in this district, Civil No. 12-00039 DAE-KSC, in which Plaintiff filed a Motion for Writ of Mandamus against the Internal Revenue Service and two of its employees. That action was dismissed on the basis of sovereign immunity. See Spagnolo v. Internal Revenue Service, Civ. No. 12-00039 DAE-KSC, 2012 WL 425173 (D. Haw. Jan. 20, 2012), adopted at 2012 WL 423786.

dismissal is required.  Gilbert, 756 F.2d at 1458 (citing Hutchison v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982)). The fact that Plaintiff has named the director of the Internal Revenue Service and the United States Attorney does not keep the action from being a suit against the United States because actions against employees in their official capacities is essentially a suit against the United States.  Id.  Plaintiff has not established that the United States has waived its sovereign immunity.  Accordingly, the Motion must be dismissed.  Although leave to amend would ordinarily be granted to a pro se litigant, sovereign immunity necessarily precludes the relief sought and it would be futile to allow Plaintiff to amend his Motion.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Even considering the merits of Plaintiff's Motion, dismissal would be appropriate.  Based on the statements in Plaintiff's Motion and the attached complaint that Plaintiff purportedly filed in the Middle District of Pennsylvania, it appears that Plaintiff is challenging the decision of the district court in Spagnolo v. Internal Revenue Service, Civil No. 12-00255 ACK-BMK.  A writ of mandamus is not the appropriate vehicle for challenging that decision.  Plaintiff could have appealed any decision with which he disagreed to the Ninth

Circuit Court of Appeals, but it does not appear that he did so.

The Court FINDS that Plaintiff's Motion fails to state a claim upon which relief may be granted and RECOMMENDS dismissal pursuant to 28 U.S.C. § 1915.  Because the Court finds that the Motion is deficient, the Court also RECOMMENDS that Plaintiff's Application be DENIED.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Motion for Writ of Mandamus without leave to amend and DENY Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 14, 2014.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**SPAGNOLO V. INTERNAL REVENUE SERVICE, ET AL.; CIVIL NO. 14-00439 LEK-RLP; FINDINGS AND RECOMMENDATION TO DISMISS MOTION FOR WRIT OF MANDAMUS AND DENY APPLICATION TO PROCEED WITHOUT PREPAYING FEES**